HOOD, Judge.
The defendant in this expropriation suit is Joseph Adam Comeaux. This case was consolidated for trial and appeal with a number of other similar suits, one of which is Gulf States Utilities Company v. Cormier, La.App., 182 So.2d 176.
Defendant owns several contiguous tracts of land which are designated as Parcels 14 through 21 in the sketch which appears in the Cormier case, supra. These parcels comprise a total of 182.83 acres, the southernmost portion of the entire tract being located about one-fourth of a mile northeast of the center of the unincorporated village of Ossun. A parish gravel road runs east and west about through the center of defendant’s property, and this gravel road connects with a blacktop highway which runs through the above mentioned village to Scott, Louisiana. The property heretofore has been used only for pasturage and agricultural purposes. There are several groups of improvements on the farm, but none of these improvements are included within the right-of-way sought by plaintiff, except for some fencing which will be replaced.
The servitude sought by plaintiff enters this property at a point near the middle of its southern boundary. From that point it continues in a northeasterly direction, across the gravel road to a point near the north *199 line of defendant’s property. It then turns at a slight angle to the north and crosses the north line of such property. The total area included within the right-of-way or servitude is 8.S3S acres. In addition to the 100-foot right-of-way, plaintiff also is taking a very small tract, about .071 of an acre, for an anchor area.
The trial court awarded $6775.00 for all of the property or rights taken, and the additional sum of $8700.00 as severance damages. Plaintiff appealed, contending that the award for the taking should be reduced to the sum of $4175.00, and that the award of severance damages should be deleted. Defendant answered the appeal, contending that there should be an increase in the award of severance damages and in the fees allowed the expert witnesses.
Dan A. Ritchey, Jr., an appraiser called by plaintiff, felt that the highest and best use of the subject property was for “agricultural” purposes, although he conceded that the portions of the property which abutted the gravel road was suitable for use as homesites. Allen J. Angers, the other appraiser called by plaintiff, felt that the highest and best use of the property was for “row crop and pasture usage.” Ritchey valued the land at $600.00 per acre, and considering the servitude to be worth 80 per cent of the fee value, he concluded that the servitude and the anchorage area had a total value of $4175.00. Angers appraised the property at $450.00 per acre, and he concluded that the servitude, with the additional anchorage area, had a value of only $2610.00.
Lloyd Smith, one of defendant’s appraisers, valued the property at $1050.00 per acre, while Chester L. Martin, the other appraiser for defendant, valued it at $1100.-00 per acre. Each felt that the value of the servitude should be fixed at 75 per cent of the fee value, or at about the sum of $6795.-00.
The trial judge concluded that defendant’s property had an overall value of $1000.00 per acre, and it was on that basis that the award of $6775.00 was made for the property or rights taken.
Plaintiff argues in this instance, as it did in the Cormier case, supra, that the prior sales considered by defendant’s experts are not comparable and that they cannot serve as indications of the true market value of the subject property. It also argues, as it did in the cited case, that the trial court erred in considering the “average” value of all of defendant’s property in determining the value of the land affected by the servitude. The issues raised by these arguments were considered and discussed in the Cormier case, supra, and for the reasons which we assigned in that case we find no merit to these contentions of plaintiff.
We agree with the trial judge that the property was best suited for use as rural homesites, and that it had a value of $1000.-00 per acre. We, therefore, affirm the award of $6775.00 made by the trial court for the property or rights taken.
The trial judge further concluded that defendant’s remaining property, consisting of approximately 174 acres, sustained a 5 per cent diminution in value as a result of the taking, and he thus allowed defendant the sum of $8700.00 as severance damages. As we have already pointed out, plaintiff contends that this entire award should be deleted, while defendant claims that it should be substantially increased. Both of plaintiff’s appraisers testified that the remaining property was not diminished in value as a result of the taking, and both of the experts called by defendant testified that the remaining property sustained severance damages of 25 per cent.
We see no material difference between the issues presented here and those presented in the Cormier case, supra. For the reasons assigned in that case, we concur in the finding of the trial court that the remainder of defendant’s property was diminished in value 5 per cent as a result of the taking, and that defendant is entitled *200 to an award of $8700.00 as severance damages.
Also, for the reasons assigned in the above cited case, we reject defendant’s demands that the fees of the expert witnesses be increased.
For the reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.